{¶ 47} I concur in the conclusion that allowing Drescher's conviction to stand would not create a manifest miscarriage of justice. I find it deplorable that the trial court would not take the 15 minutes necessary to read "the report" in its entirety. Had it done so, it would have discovered there were two reports instead of just one. Nonetheless, I cannot conclude there is any possible basis for this court or the trial court to reject Dr. Kurzhal's opinions that Drescher was both competent to stand trial and sane at the time of the commission of the offense. In fact, the record is devoid of any credible evidence that supports Drescher's claims to the contrary.
 {¶ 48} Drescher's motion for a mental examination makes no reference of any condition, disease or mental illness that would have affected either his competency to stand trial or his sanity at the time of the offense. It is simply a bare bones request that he be examined under the statute. Dr. Kurzhal's examination and questioning of Drescher reveals the sole evidence of any mental impairment is Drescher's statement that he suffers from some short-term memory loss due to a prior illness and/or medical treatment. However, as Dr. Kurzhal concluded, Drescher's behavior and responses fail to substantiate the existence of substantial memory loss or insanity.
 {¶ 49} Drescher has a high school diploma and some college education. During the exam, he appeared oriented, rational but slightly depressed. However, he did not claim to be unable to remember the incidents with the victim. Nor did he give any indication he didn't understand what he was charged with, *Page 18 
the process he would face, or the potential punishment. And he didn't claim he acted out of an uncontrollable impulse or because he was not capable of understanding that his conduct was wrong. In fact, his defense was that the 7-year-old daughter of his girlfriend instigated the sexual conduct by climbing into his bed and "humping" on him while he slept. And in a partially awakened state, he thought it was his girlfriend, so he responded by inserting his finger in her vagina. He gave no indication that any mental process other than a mistake of fact was at play here. Not only is such a "defense" factually incredulous, it offers no medical or scientific basis of support for an insanity defense. Rather the only indication of an impaired mental capacity here is Drescher's hope that a reasonable fact finder would believe the existence of a 7-year-old seductress.
 {¶ 50} Because there is no reasonable possibility that any rational decision maker could find that Drescher was incompetent to stand trial or that he was insane at the time of the commission of the offense, I see no manifest miscarriage of justice in affirming his conviction. *Page 19 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion with Attached Concurring
Opinion. McFarland, J.: Concurs in Judgment and Opinion.
 *Page 1